IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.S., a minor, by and through | : | |
| her mother, PARIS HALL, and | : | No. 1:13-cv-2718 |
| PARIS HALL, individually, | : | |
|     Plaintiffs | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| SUSQUEHANNA TOWNSHIP | : | |
| SCHOOL DISTRICT, et al., | : | |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 5, 2013 Plaintiffs filed a nine-count complaint against Defendants Susquehanna Township School District, and against Shawn A. Sharkey, Kristi Kauffman, Susan M. Kegerise, Cathy L. Taschner, Ralph Lovelidge, Amanda Salter, Larry Nawa, and Kenneth Potter in their individual and official capacities, arising out of an alleged sexual relationship between M.S. and Defendant Sharkey, an Assistant Principal at the Susquehanna Township School District. (Doc. No. 1.) Thereafter, the Defendants – except Mr. Sharkey[1] – filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 10.) On August 29, 2014, the Court dismissed a majority of Plaintiffs' claims, preserving only the claims against Defendant Sharkey and Plaintiffs' hostile educational environment claim under Title IX against the Susquehanna Township School District. (Doc. Nos. 28, 29.) As to the other counts, the Court dismissed the majority of those claims without prejudice, and granted the Plaintiffs' "leave

---

[1] Counts I and VII of the complaint are alleged solely against Defendant Sharkey. Mr. Sharkey is not a party to the motion to dismiss, and default was entered against him on February 19, 2014, for failure to defend this action. (Doc. No. 21.)

to file an amended complaint within 21 days of the date of this order" to correct the pleading deficiencies highlighted in the Court's memorandum. (Doc. Nos. 28, 29.) As a result of the Court's dismissal order, absent a successful amendment to the complaint, no causes of action remained as to any individual Defendant other than Sharkey.

On September 18, 2014, Plaintiffs moved for an extension of time to file an amended complaint, owing largely to counsel's transition to another firm. (Doc. No. 30.) The Court granted an extension, and gave Plaintiffs until October 20, 2014 to file an amended complaint. (Doc. No. 31.) Plaintiffs, however, did not do so. Further and perhaps as a result of Plaintiffs' failure to amend their complaint, the Defendants have not filed an answer in this matter.

Next, on October 30, 2014, all Defendants exceptSharkey filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Doc. No. 36.) The moving Defendants argue that dismissal of the entire action is appropriate under the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 865 (3d Cir. 1984), after Plaintiffs failed to amend their complaint in accordance with the Court's orders. (Doc. No. 37.) In response, Plaintiffs contend that "after reviewing the Court's Order and the information available to the [Plaintiffs]," they ultimately decided not to amend their complaint to correct the deficiencies. (Doc. No. 38.) Alternatively, Defendants ask the Court to dismiss with prejudice those counts and Defendants previously dismissed without prejudice, as Plaintiffs failed to amend to preserve those claims.[2] (Doc. No. 40.)

---

[2] Specifically, to dismiss with prejudice Counts II, III, V, VI, VIII, and IX, as well as individual Defendants Kauffman, Kegerise, Taschner, Lovelidge, Salter, Nawa, and Potter. These Counts and Defendants were dismissed without prejudice in the Court's August 29, 2014 order. (See Doc. Nos. 28, 29.)

As an in initial matter, the Court will not dismiss the entire action with prejudice for failure to prosecute. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In its order, the Court granted Plaintiffs leave to amend those counts that it dismissed without prejudice, if Plaintiffs wished to file such an amendment; it did not explicitly require that Plaintiffs amend their complaint, and it will not levy such a harsh sanction against Plaintiffs as a result of their failure to do so. Thus, the Court will not dismiss the action in its entirety under either Rule 41(b) or Poulis.

However, the Court agrees with the moving Defendants that they are entitled to dismissal <u>with</u> prejudice of those claims Plaintiffs have failed to amend. Failure to timely amend counts that have been dismissed without prejudice may result in dismissal. See Shapiro v. UJB Fin. Corp., 964 F.2d 272, 278 (3d Cir. 1992) ("[O]nce the amendment period expired, the district court's order had the effect of dismissing the improperly pleaded claims with prejudice."). Indeed, dismissal with prejudice is the logical outgrowth of the Court's prior order setting forth a limited time in which Plaintiffs could amend those counts. Specifically, the Court gave Plaintiffs an initial 21 days to amend, and then an additional month-long extension until October 20, 2014, at Plaintiffs request. Plaintiffs, however, did not amend their complaint in that time. Moreover, although it has now been nearly six months since the Court's order dismissing certain claims without prejudice, Plaintiffs have still not moved for leave to amend, nor have they indicated that amendment to these claims is forthcoming.[3] The Court finds that because the Plaintiffs have not

---

[3] Plaintiffs do state generally that amendment of a complaint may be appropriate later in a case when "other facts are developed." (See Doc. No. 38 at 6.) However, it has been almost six months since the Court's dismissal order, discovery is nearly complete, and nowhere in their

done so, nor moved to do so, almost six months later, the Defendants are entitled to judgment on those claims. Accordingly, the Court will dismiss those counts and Defendants with prejudice. The Court will also direct Defendant Susquehanna Township School District to file an answer to Count IV of Plaintiffs' complaint.

**AND NOW**, on this 10th day of February 2015, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss (Doc. No. 36) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Counts II, III, V, VI and VIII of Plaintiffs complaint (Doc. No. 1) are **DISMISSED WITH PREJUDICE**;

2. Count IX of Plaintiffs' complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE** as to all Defendants other than Shawn A. Sharkey;

3. Defendants Kristi Kauffman, Susan M. Kegerise, Cathy L. Taschner, Ralph Lovelidge, Amanda Salter, Larry Nawa, and Kenneth Potter are **DISMISSED WITH PREJUDICE**; and,

4. Defendant Susquehanna Township School District shall file an answer to Count IV of Plaintiffs' complaint within 21 days of the date of this order.

S/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania

---

brief do Plaintiffs suggest to the Court that they intend to amend those counts previously dismissed without prejudice, nor that they intend to add claims against the individual Defendants. The only specific reference to a potential new claim is a discrimination claim against the School District; however, an amendment adding such a claim, should Plaintiffs move to do so and the Court grant them leave, is not affected by this order as it does not dismiss the School District as a Defendant.