## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **M.S., a minor, by and through** | : | |
| **her mother, PARIS HALL, and** | : | **No. 1:13-cv-2718** |
| **PARIS HALL, individually,** | : | |
|     **Plaintiffs** | : | |
| | : | **(Judge Kane)** |
|     **v.** | : | |
| | : | |
| **SUSQUEHANNA TOWNSHIP** | : | |
| **SCHOOL DISTRICT, et al.,** | : | |
|     **Defendants** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Plaintiff's motion for reconsideration[1] (Doc. No. 96), of this Court's August 16, 2017 Order (Doc. No. 94), adopting the Report and Recommendation of Magistrate Judge Saporito (Doc. No. 93), and granting Defendant Susquehanna Township School District ("Susquehanna Township")'s motion for summary judgment. (Doc. No. 71.)

A motion for reconsideration is a device of limited utility, which serves to correct manifest errors of law or fact or to present newly discovered evidence. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering or amending a court's ruling: (1) "an intervening change in the controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." Soto v. Sleet, 458 F. App'x 89, 90 (3d Cir. 2012) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999)). "It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter

---

[1] In her motion, Plaintiff also requests that the Court permit late filing of objections to the Report and Recommendation of the Magistrate Judge. (Doc. No. 96.)

previously decided." <u>Snyder v. United States</u>, No. 07-450, 2013 WL 1730537, at *1 (M.D. Pa. Apr. 22, 2013) (citing <u>Drysdale v. Woerth</u>, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001)). Furthermore, "because reconsideration . . . is an extraordinary remedy, requests pursuant to these rules are to be granted sparingly." <u>Interfaith Cmty. Org. v. PPG</u>, 702 F. Supp. 2d 295, 317 (D.N.J. 2010) (internal quotation marks omitted) (quoting <u>NL Indus. v. Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 516 (D.N.J. 1996)); <u>see also</u> <u>Geiger v. Town of Greece, et al.</u>, No. 07-CV-6966 CJS, 2007 WL 4244174, at *4 (W.D.N.Y. Nov. 2, 2007) ("[The] rules are narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court.") (citing <u>Walsh v. McGee</u>, 918 F. Supp. 107, 110 (S.D.N.Y. 1996)).

Plaintiff both moves the Court to reconsider its Order adopting the Magistrate Judge's Report and Recommendation and requests leave to file objections to the Report and Recommendation.[2]  (Doc. No. 96.)  As discussed below, the Court declines to permit late filing of objections to the Report and Recommendation, and will address only Plaintiff's motion for reconsideration.  In support of her motion, Plaintiff asserts that the Court erred when it adopted the Report and Recommendation granting summary judgment to Susquehanna Township because: 1) "Susquehanna Township had [k]nowledge of the [a]buse" and 2) "Susquehanna Township acted with [d]eliberate [i]ndifference."  (Doc. No. 97 at 4, 13.)

---

[2] Plaintiff states that "[i]t would appear that for technical reasons, the Report and Recommendation were not served on counsel for the Plaintiff," and "[h]ad counsel for the Plaintiff received a copy of the Report and Recommendation," timely objections to the Report and Recommendation would have been filed.  (Doc. No. 96 at ¶ 2.)  The parties dispute the merits of Plaintiff's assertion that counsel's failure to file timely objections to the Report and Recommendation was due to a lack of notice concerning the Report and Recommendation. (Doc. Nos. 96 at ¶¶ 1-3, 98 at 4-5.)  However, the Court declines to resolve this issue because the failure to submit objections, alone, does not warrant the Court's reconsideration of its Order. Further, even assuming Plaintiff were permitted to file late objections to the Report and Recommendation, the Court concludes that the arguments presented by Plaintiff are unavailing and would not have altered the decision reached by the Court.

With respect to Plaintiff's first argument, Plaintiff asserts that Susquehanna Township had knowledge of the abuse because Shawn Sharkey ("Sharkey") was an "appropriate person" for purposes of Title IX liability and "other appropriate people" had knowledge so as to render Susquehanna Township liable.  (Id. at 4, 6.)  Plaintiff primarily argues that the Magistrate Judge and this Court were incorrect in concluding that Sharkey was not an appropriate person, referring to the Magistrate Judge's conclusion as "inaccurate and illogical" and stating that, "[v]iewing the evidence in the light most favorable to M.S., the non-moving party, Sharkey, as the [a]ssistant [p]rincipal, was an 'appropriate person.'"  (Id. at 4-5.)  Plaintiff makes a similar argument with respect to "other appropriate people" who allegedly had knowledge of the abuse and states that, in light of the evidence presented, "a reasonable jury could conclude that Susquehanna Township had actual knowledge of a relationship between M.S. and Sharkey."  (Id. at 12.)

In addition, Plaintiff argues that the Magistrate Judge and this Court were incorrect in concluding that Susquehanna Township did not act with "deliberate indifference" with respect to its investigation of abuse by Sharkey toward M.S.  (Id. at 14.)  Plaintiff states that "[e]ven if one were to assume that the School District's investigation was undertaken in good faith . . . the investigation in this case would have been clearly 'inartful' establishing deliberate indifference." (Id. at 16.)  Further, Plaintiff argues that "[i]n any event, viewing the evidence in the light most favorable to M.S., there is sufficient evidence for a reasonable jury to conclude Susquehanna Township School District was deliberately indifferent."  (Id.)  Thus, Plaintiff claims that the record before the Court renders the grant of summary judgment improper with respect to the "deliberate indifference" prong of Title IX liability.

Under the standard articulated above, Plaintiff fails to demonstrate that reconsideration of the Court's August 16, 2017 Order is proper.  Plaintiff is required to point to: a change in the

governing law; the availability of new evidence; or a need to rectify a clear error of law or fact or to prevent a manifest injustice.  Plaintiff fails to meet this burden.  Plaintiff states that reconsideration of the Court's Order is warranted because "the Magistrate Judge failed to consider relevant evidence that create genuine issue of material fact and failed to consider the status of the perpetrator of the abuse, Shawn Sharkey . . . who was Susquehanna Township's 'appropriate person' for overseeing students like M.S."  (Id. at 2.)  However, in support of her motion, Plaintiff merely restates the arguments that were included in her brief opposing Susquehanna Township's motion for summary judgment (Doc. No. 80 at 33, 35), and points to the same underlying factual allegations addressed by her in connection with her opposition to Susquehanna Township's motion for summary judgment.  (Compare Doc. No. 80 with Doc. No. 97.)  As discussed above, a motion for reconsideration is not an appropriate vehicle to attempt to restate unsuccessful arguments or convince the Court to reevaluate an earlier decision. Accordingly, Plaintiff fails to establish grounds for reconsideration of the Court's August 16, 2017 Order.

THEREFORE, on this 31st day of October 2017, **IT IS ORDERED THAT** Plaintiff's Motion (Doc. No. 96), is **DENIED**.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania